**E-FILED**
Thursday, 02 February, 2017  11:05:14 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TYRON D. FREEMAN | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 13-3371 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Petitioner Tyron D. Freeman has filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence [d/e 1]. As directed, the United States filed a Response to the Petitioner's Motion [d/e 4]. The Petitioner has also filed a Reply [d/e 9]. The Court has reviewed the filings and record and concludes that an evidentiary hearing pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings is not warranted.

## I. BACKGROUND

The record in United States v. Tyron D. Freeman, Case Number 3:09-cr-30033-RM, provides that on July 28, 2008, the Petitioner was arrested

and found to have over an ounce of crack cocaine concealed between his buttocks.  In April 2009, a grand jury indicted the Petitioner for possession with the intent to distribute the drugs.  Attorney R. John Alvarez was initially appointed to represent the Petitioner.  After the Court granted Mr. Alvarez's motion to withdraw, attorney James E. Elmore was appointed on November 6, 2009 to represent the Petitioner.

On August 3, 2010, the Petitioner moved to suppress the evidence against him.  Mr. Elmore represented the Petitioner at the hearing on the motion.  At the request of the Petitioner, Mr. Elmore moved to withdraw as counsel and was permitted to do so on November 16, 2010.  The same day, attorney J. Randall Cox was appointed to represent the Petitioner.  On January 12, 2011, the Petitioner's motion to suppress was denied.

On March 2, 2011, following a two-day jury trial, the Petitioner was convicted of possession with the intent to distribute at least 28 grams of crack cocaine.  At the sentencing hearing on July 10, 2011, the Petitioner was found to qualify as a career offender and was sentenced to 360 months.

The Petitioner appealed his conviction and sentence. The Mandate of the Seventh Circuit affirming the judgment was issued on September 13, 2012.

In his § 2255 motion, the Petitioner raises a number of ineffective assistance of counsel claims which relate to each of his attorneys. The Petitioner's § 2255 motion also includes two grounds which relate to his sentence.

## II. DISCUSSION

### A. Ineffective assistance of counsel claims

#### (1)

The Petitioner first alleges a number of ineffective assistance of counsel claims. He asserts each of his three attorneys rendered ineffective assistance of counsel. A petitioner asserting an ineffective assistance of counsel claim must show that counsel's performance was objectively deficient and this lack of competent representation resulted in prejudice. See United States v. Jones, 635 F.3d 909, 915 (7th Cir. 2011) (citing Strickland v. Washington, 466 U.S. 668, 687-96 (1993)). There is a strong

presumption that counsel's conduct constitutes reasonable professional assistance.  See Wyatt v. United States, 574 F.3d 455, 458 (7th Cir. 2009) (citing Strickland, 466 U.S. at 689).  "He must establish the specific acts or omissions of counsel that he believes constituted ineffective assistance; we then determine whether such acts or omissions fall outside the wide range of professionally competent assistance."  Id.  To show prejudice, the petitioner must show there is a reasonable probability that but for counsel's mistakes below, the result of the proceedings would have been different. See Jones, 635 F.3d at 915.

The Petitioner alleges Mr. Alvarez "failed to investigate in preparation of trial" and/or did not file motions to suppress evidence and mis-advised the Petitioner during plea negotiations.  The Petitioner did not suffer prejudice due to Mr. Alvarez not filing a motion to suppress because such a motion was later filed the Petitioner and adopted by subsequent counsel.

In his initial motion, the Petitioner does not say how counsel "misadvised" him.  In his Reply, the Petitioner claims he wanted to negotiate a favorable plea with the Government.  The Petitioner contends

4

Mr. Alvarez impeded this process by failing to conduct an adequate investigation.  Moreover, Mr. Alvarez did not provide the Petitioner with critical information that would have enabled him to make an informed decision about entering a plea or proceeding to trial.

The Petitioner's claims are inconsistent with the record.  The record shows that after discussing the matter with counsel, the Petitioner initially entered into a plea agreement with the Government.  See Doc. No. 8.  A change of plea hearing was set.  Subsequently, the Petitioner contacted counsel and "advise[d] that he desired an additional opportunity to review the Government's disclosure in the above matter prior to changing and entering a plea in the above matter."  See Doc. No. 10, at 1.

In a request to withdraw his change of plea request, counsel states that he met with the Petitioner on October 9, 2009.  The Petitioner reviewed in detail the Government's disclosure and discussed the matter with Mr. Alvarez, who provided his opinion with respect to whether to proceed to trial or continue with his apparent decision to change his plea. The motion states that "despite the advice of his attorney, at the conclusion

of the aforesaid conference, the Defendant advised counsel that he had changed his position and had decided to proceed to trial and did demand that counsel commence preparation for the same." See Doc. No. 11, at 2.

On October 22, 2009, the Petitioner sent a letter to the Court complaining about counsel's performance. The Petitioner complained that counsel had not conducted an adequate investigation and was using "scare tactics" to persuade him to plead guilty. The Petitioner asked for the appointment of another attorney.

In a response, Mr. Alvarez states that Petitioner has exhibited selective memory. See Doc. No. 14. Mr. Alvarez further claims he has provided the Petitioner with relevant materials and has advised him regarding the sentencing guidelines, potential defenses, a potential motion to dismiss and quash arrest, the issue of proceeding to trial or pleading guilty, the issue of cooperation, the Petitioner's exposure to being treated as a career offender and related issues. Mr. Alvarez states that he has never attempted to convince the Petitioner to plead guilty to the offense as charged. In advising the Petitioner regarding whether to plead guilty or

proceed to trial, after reviewing the record, Mr. Alvarez provided the Petitioner with a recommendation. However, he told the Petitioner it is his case and his life and his decision to make. Mr. Alvarez states that the record demonstrates that "defendant has waffled in making a decision as to entering into a plea agreement or proceeding to trial." However, Mr. Alvarez was prepared to file the requested motion to suppress and prepare for trial based on the Petitioner's stated position.

The docket report in the criminal case demonstrates that Petitioner was a difficult client who changed his mind frequently. Although the parties negotiated a plea agreement, the Petitioner elected to proceed to trial. The plea agreement may not have been as favorable as the Petitioner had hoped. The Petitioner might not have liked counsel's advice. However, the Petitioner has made no showing that counsel's performance was objectively unreasonable and he has not shown prejudice. Accordingly, the ineffective assistance claims as to Mr. Alvarez have no merit.

(2)

Regarding Mr. Elmore, the Petitioner makes similar allegations in his

7

§ 2255 motion. Specifically, Mr. Elmore "misadvised" the Petitioner during plea negotiations that he did not face any sentencing enhancements. Additionally, the Petitioner claims that counsel failed to investigate in preparation of the suppression hearing and in cross-examination of one of the police officers.

The Petitioner's bare allegations about receiving poor advice are insufficient. Moreover, the record demonstrates that Mr. Elmore was thoroughly prepared at the suppression hearing. In any effort, the Petitioner cannot demonstrate prejudice in connection with the motion to suppress because he is unable to show that he should have prevailed. See United States v. Cieslowski, 410 F.3d 353, 360 (7th Cir. 2005) ("Where a claim of ineffective assistance of counsel is based on counsel's failure to file a motion to suppress, the prejudice prong of Strickland requires that the defendant prove that the motion would have been granted."). The Court and the United States Court of Appeals for the Seventh Circuit rejected the Petitioner's motion to suppress. The Petitioner presents no evidence that ineffective assistance of counsel contributed to those decisions.

(3)

The Petitioner also alleges ineffective assistance relating to Mr. Cox's representation, claiming that Mr. Cox advised the Petitioner he was facing only five years under the Fair Sentencing Act.  The Petitioner also contends Mr. Cox did not adequately investigate in preparation of trial and should have requested a voice analysis of the audio tape.

The Petitioner also asserts that, at the close of the Government's case, he asked Mr. Cox to file a motion under Rule 29 for a judgment of acquittal.  The Petitioner states Mr. Cox told him such a motion was unnecessary because the Petitioner had filed a pro se motion.  As the Government notes, however, the Petitioner did file such a motion which was denied.

In his reply, the Petitioner states that he based his decision to go to trial in part on Mr. Cox's representation that he could impeach a police officer's testimony due to inconsistencies in her previous accounts.  The Petitioner claims he also relied on Mr. Cox's statement that under the Fair Sentencing Act, the minimum sentence the Petitioner could receive was five

years and the maximum sentence was 40 years imprisonment. The Petitioner acknowledges that counsel attempted to impeach the officer. The Petitioner is not entitled to habeas relief simply because counsel's "cross-examination was not as successful as he stated it would be." See Doc. No. 9, at 22. The evidence of the Petitioner's guilt was overwhelming and he has shown no prejudice from any tactical decisions of counsel. Because the Petitioner was also sentenced within the range that counsel predicted, he cannot show prejudice from any error.

Although the Petitioner is critical of counsel's investigation and advice, the Petitioner has failed to show that there is a reasonable probability the result of the proceedings would have been different but for any mistakes.

B. Fair Sentencing Act claim

The Petitioner next alleges that the Fair Sentencing Act ("FSA") should have applied to his case. As the Government notes, prior to the enactment of the FSA, a defendant such as the Petitioner with a prior felony drug conviction faced a statutory minimum sentence of ten years if

he possessed it with the intent to distribute five or more grams of crack cocaine.  After the FSA, a defendant must possess more than 28 grams of crack cocaine to have the same statutory mandatory minimum of ten years.

At sentencing, the Court applied the then-controlling Seventh Circuit precedent of United States v. Fisher, 635 F.3d 336, 340 (7th Cir. 2011), in holding that the FSA did not apply.  The Petitioner is correct that the FSA was applicable to his case because he was sentenced after August 3, 2010.  See Dorsey v. United States, 567 U.S. 260, 132 S. Ct. 2321, 2335-36 (2012).  However, this provides no relief under § 2255 because the Petitioner would have faced the same penalties if the Court had applied the FSA at sentencing.

Because of the uncertainty at trial regarding the applicability of the FSA, the Government requested that the jury be asked whether they found "beyond a reasonable doubt that [the offense involved] 28 grams or more."  The Defense agreed that was an appropriate request.  The jury found beyond a reasonable doubt that the offense involved at least 28 grams of crack cocaine.  Accordingly, the Petitioner faced the same statutory penalty

range (mandatory minimum of ten years and up to life) regardless of whether or not the FSA applied.

Because the Petitioner qualified as a career offender, moreover, the application of the FSA did not affect the advisory guideline range. The statutory maximum remained life under both the pre-FSA and post-FSA sentencing regimes. Based on the career offender guideline, the offense level was 37, which resulted in an advisory guideline range of 360 months to life. This would have been the same advisory range if the Court had held that the FSA applied to the Petitioner's case. Accordingly, the Petitioner is entitled to no habeas relief pursuant to Dorsey or the FSA.

C. Alleyne v. United States claim

In Alleyne v. United States, __ U.S. __, 133 S. Ct. 2151 (2013), the Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." 133 S. Ct. at 2155. The Petitioner states that the notice of prior conviction and application of the career offender guideline were based on impermissible judiciary fact-finding. He alleges such

enhancements must be determined by a jury or admitted by the defendant.

To increase the statutory minimum sentence under 21 U.S.C. § 841, the amount of drugs must be submitted to a jury and found beyond a reasonable doubt in order to comply with Alleyne.  In this case, the issue of the drug weight was submitted to a jury and was found to be at least 28 grams of crack cocaine.  This step complied with the holding in Alleyne.

The decision in Alleyne did not alter the longstanding rule that the fact of a prior conviction need not be proved to a jury beyond a reasonable doubt.  See Alleyne, 133 S. Ct. at 2160; Almendarez-Torres v. United States, 523 U.S. 224, 239 (1998); Davis v. United States, 817 F.3d 319, 326 (7th Cir. 2016).  Additionally, the fact-finding necessary for application of the career offender guideline need not be submitted to a jury.  See Goodwin v. United States, 600 F. App'x 483, 484 (7th Cir. 2015). The Petitioner is entitled to no habeas relief on this basis.

## III. CONCLUSION

For the foregoing reasons, the Court concludes that the Petitioner's claims do not warrant relief under § 2255.

13

An appeal may be taken if the Court issues a certificate of appealability.  See 28 U.S.C. § 2253(c)(1)(A).  Because the Petitioner has not "made a substantial showing of the denial of a constitutional right," see 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2255 Proceedings.

Ergo, the Motion under 28 U.S.C. § 2255 of Tyron D. Freeman to Vacate, Set Aside or Correct Sentence [d/e 1] is DENIED.

The Court declines to issue a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings.

The Clerk will terminate this case.

ENTER: February 2, 2017

FOR THE COURT:

s/Richard Mills
Richard Mills
United States District Judge

14